HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INNA Y. HARMON, | No. 12-cv-5516-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #13) |
| FEDERAL HOME LOAN MORTGAGE CORP., et al., | |
| Defendants. | |

Plaintiff Inna Y. Harmon filed this suit *pro se* against her mortgage lender and related entities in Thurston County on April 17, 2012. Defendants removed the case, and Wells Fargo has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). One day before a response was due, counsel for Plaintiff appeared and requested a continuance in order to seek leave to amend the Complaint and to allow time to file a response. The Court has reviewed the motions and grants Defendants' Motion to Dismiss.

## I.   BACKGROUND

Plaintiff borrowed $194,750 to purchase residential property, executing both a Promissory Note and Deed of Trust in the process. Plaintiff apparently defaulted, and the property was foreclosed and sold to Federal Home Mortgage Corp. ("Freddie Mac").

The Complaint presents a lengthy series of claims, the common thread of which appears to be fraud. The pleading, however, contains virtually no facts to undergird the allegations.

Additionally, Plaintiff has not sought leave to amend her Complaint.

Order - 1

## II. DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Plaintiff's claims, to the extent they rely on the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* are time-barred and dismissed with prejudice.

Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") fail as a matter of law because Wells Fargo is not a "debt collector" as defined by that statute. *See* 15 U.S.C. § 1692a(6)(F)(ii). Thus, Plaintiff's FDCPA-claim against Wells Fargo is dismissed with prejudice.

Plaintiff's slander-of-title and quiet title claims are waived under Wash. Rev. Code § 61.24.127 ("Failure to bring civil action to enjoin foreclose"); *see also Brown v. Household Realty Corp.*, 146 Wash. App. 157, 163 (2008). Wavier occurs "where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the

sale." *Albice v. Premier Mortg. Servs. of Washington, Inc.*, 174 Wash. 2d 560, 569 (2012) (citing *Plein v. Lackey*, 149 Wash. 2d 214, 227 (2003)).  Here, there appears to be no dispute that Plaintiff received notice and failed to enjoin the sale.  *See* Decl. of Timothy Defors, Ex. C, Dkt. #15 (Notice of Trustee's Sale).  Thus, Plaintiff's slander-of-title and quiet title claims are dismissed with prejudice.

To the extent that other claims exist, the Court must conclude that dismissal is appropriate due to the near complete absence of factual support.  *See Iqbal*, 129 S. Ct. at 194.

### III.  CONCLUSION

Well Fargo's Motion to Dismiss (Dkt. #13) is **GRANTED** without prejudice, except as indicated above.  Plaintiff has **30 days** to amend her Complaint and remedy the deficiencies or the case will be dismissed.

Dated this 6th day of September 2012.

Ronald B. Leighton
United States District Judge